UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JASMINE VELEZ

                     Plaintiff,         Case No. 1:19-cv-11138

v.

DNF ASSOCIATES LLC

                     Defendant.
_____

## DEFENDANT DNF ASSOCIATES LLC'S ANSWER
## TO PLAINTIFF'S COMPLAINT

Defendant DNF Associates, LLC ("Defendant" or "DNF"), by and through its undersigned counsel, Lippes Mathias Wexler Friedman LLP, and for its Answer to Plaintiff Jasmine Velez's ("Plaintiff") Complaint, upon information and belief, states as follows:

### INTRODUCTION

1. The allegations in Paragraph 1 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 1.

2. The allegations in Paragraph 2 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 2.

### JURISDICTION AND VENUE

3. The allegations in Paragraph 3 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 3.

4. The allegations in Paragraph 4 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 4.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5, and therefore denies same.

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6, and therefore denies same.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7, and therefore denies same.

8. The allegations in Paragraph 8 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 8.

9. Defendant denies each and every allegation in Paragraph 9.

10. Defendant denies each and every allegation in Paragraph 10.

11. Defendant denies each and every allegation in Paragraph 11.

12. Defendant denies each and every allegation in Paragraph 12.

13. Defendant denies each and every allegation in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14, and therefore denies same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15, and therefore denies same.

16. Defendant denies each and every allegation in Paragraph 16.

17. Defendant denies each and every allegation in Paragraph 17.

18. Defendant denies each and every allegation in Paragraph 18.

19. Defendant denies each and every allegation in Paragraph 19.

20. Defendant admits it conducts business in the State of New York and that its principal place of business is in the State of New York.

## FACTUAL ALLEGATIONS

21. With respect to Paragraph 21, Defendant repeats and realleges its answers to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22, and therefore denies same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23, and therefore denies same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24, and therefore denies same.

25. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25, and therefore denies same.

26. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26, and therefore denies same.

27. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27, and therefore denies same.

28. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28, and therefore denies same.

29. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29, and therefore denies same.

30. Defendant denies each and every allegation in Paragraph 30.

31. Defendant denies each and every allegation in Paragraph 31.

32. Defendant denies each and every allegation in Paragraph 32.

33. Defendant denies each and every allegation in Paragraph 33.

34. Defendant denies each and every allegation in Paragraph 34.

35. Defendant denies each and every allegation in Paragraph 35.

**AS AND FOR A FIRST CAUSE OF ACTION**
**15 U.S.C. §§ 1692c(a)(2) and 1692e(10)**

36. With respect to Paragraph 36, Defendant repeats and realleges its answers to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 36.

37. Defendant denies each and every allegation in Paragraph 37.

38. Defendant denies each and every allegation in Paragraph 38.

39. Defendant denies each and every allegation in Paragraph 39.

40. Defendant denies each and every allegation in Paragraph 40.

41. The allegations in Paragraph 41 constitute conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in Paragraph 41.

## AS AND FOR A SECOND CAUSE OF ACTION
## N.Y. G.B.L. § 349

42. With respect to Paragraph 42, Defendant repeats and realleges its answers to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 42.

43. The allegations in Paragraph 41 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 41.

44. Defendant denies each and every allegation in Paragraph 44.

45. Defendant denies each and every allegation in Paragraph 45.

46. Defendant denies each and every allegation in Paragraph 46.

47. Defendant denies each and every allegation in Paragraph 47.

48. Defendant denies each and every allegation in Paragraph 48.

49. Defendant denies each and every allegation in Paragraph 49.

50. Defendant denies each and every allegation in Paragraph 50.

51. Defendant denies each and every allegation in Paragraph 51.

52. Defendant denies each and every allegation in Paragraph 52.

53. Defendant denies each and every allegation in Paragraph 53.

54. Defendant denies each and every allegation in Paragraph 54.

55. Defendant denies each and every allegation in Paragraph 55.

56. The allegations in Paragraph 56 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 56.

57. Defendant denies each and every allegation in Paragraph 57.

58. Defendant denies each and every allegation in Paragraph 58.

59. Defendant denies each and every allegation in Paragraph 59.

## FIRST AFFIRMATIVE DEFENSE

60. The Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

62. Plaintiff lacks Article III standing to pursue the claims alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

63. The claims alleged in the Complaint are barred by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

64. Plaintiff failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's acts and/or omissions.

## SIXTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by third parties over whom Defendant had no control or authority.

## SEVENTH AFFIRMATIVE DEFENSE

67. Defendant does not meet the statutory definition of debt collector and is thus not within the purview of the Fair Debt Collection Practices Act.

## EIGHTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred by release, waiver, unclean hands, laches, estoppel, and/or res judicata.

## NINTH AFFIRMATIVE DEFENSE

69. To the extent Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s).

WHEREFORE, Defendant DNF Associates LLC respectfully demands judgment against the Plaintiff dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED: January 13, 2020

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

s/ Brendan H. Little
Brendan H. Little, Esq.
Sean M. O'Brien, Esq.
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
T: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com
E: sobrien@lippes.com