UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/2020
```

--------------------------------------------------------------- X

JASMINE VELEZ,                          :
                                        :
                             Plaintiff, :
         -against-                      :           1:19-cv-11138-GHW-SDA
                                        :
DNF ASSOCIATES, LLC                     :           MEMORANDUM OPINION &
                                        :                    ORDER
                             Defendant. :
--------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      Plaintiff Jasmine Velez brought this action against DNF Associates, LLC alleging violations

of the Fair Debt Collection Practices Act and the New York General Business Law.  After some

discovery, Plaintiff accepted Defendant's offer of judgment and subsequently filed a motion seeking

attorneys' fees and costs.  On September 14, 2020, Magistrate Judge Aaron issued a Report and

Recommendation (the "R&R") recommending that Plaintiff's motion be granted in part and denied

in part, reducing the fees requested by 20%.  Defendant objects to this award and asserts that the

fees should have been reduced by at least 50%.  The Court reviews Plaintiff's request for attorneys'

fees and costs *de novo* and substitutes its own item-by-item evaluation for the R&R's 20% across-the-

board reduction.  Accordingly, Plaintiff's motion for attorneys' fees and costs is GRANTED IN

PART and DENIED IN PART.

## I.    BACKGROUND[1]

      On December 4, 2019, Plaintiff brought this action alleging Defendant violated the Fair

Debt Collections Practice Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the New York General

Business Law § 349.  Compl., Dkt. No. 1, ¶¶ 1–2.  Plaintiff alleges Defendant sent a letter directly to

---

[1] The Court presumes familiarity with the prior proceedings, the R&R, and the objection Defendant raised.

Plaintiff in connection with a disputed debt despite knowing that Plaintiff was represented by counsel in the matter. *Id.* ¶¶ 27–34.

On December 9, 2019, the Court referred this action to Magistrate Judge Aaron for general pretrial purposes. Dkt. No. 5. Defendant answered the complaint on January 13, 2020. Dkt. No. 6. After Judge Aaron held an initial pretrial conference and put in place a case management plan, the parties exchanged initial disclosures and engaged in written discovery. Decl. of Novlette R. Kidd in Supp. of Mot. for Att'ys' Fees ("Kidd Decl."), Dkt. No. 30, Ex. 1, at 3 & 4. On August 3, 2020, Plaintiff accepted an offer of judgment from Defendant for "One Thousand and One Dollars ($1,001.00), plus reasonable attorneys' fees and taxable costs incurred in this action." Pl.'s Notice of Acceptance of Offer of J., Dkt. No. 25, Ex. A, ¶ 1. On August 7, 2020, the Court entered judgment in favor of Plaintiff in accordance with the offer and acceptance. Judgment, Dkt. No. 28.

Plaintiff originally requested $15,891.00 in attorneys' fees for 57.2 hours billed for this matter. Pl.'s Mem. of Law in Supp. of Award of Att'ys' Fees and Costs, Dkt. No. 29, at 1. Defendant opposed this request, arguing that clerical staff should have performed some of the work; that some billing entries were "vague," and that some of the time billed was "excessive" and "unreasonable." Def.'s Mem. of Law in Opp'n to Pl.'s Mot. for Fees, Dkt. No. 31 ("Opp'n to Fees"), at 4–8. After Plaintiff made some voluntary reductions, Judge Aaron recommended a uniform 20% reduction of the requested attorneys' fees. R&R, Dkt. No. 34, at 3, 6. Given the nature of this action and Plaintiff's counsel's familiarity with FDCPA cases, Judge Aaron found that the number of billed hours was excessive and that numerous billing records were too vague. *Id.* at 5–6 & n.2. The R&R recommended an award of $12,968.00 to Plaintiff, representing $12,497.00 in attorneys' fees to Fagenson & Puglisi and $471.00 in costs. *Id.* at 7.

Defendant filed a timely objection to the R&R on September 28, 2020, renewing their arguments that the hours billed by Plaintiff's counsel were unreasonable and Judge Aaron should

have reduced Plaintiff's requested fees by at least 50%.  Def.'s Obj. to the R&R ("Obj."), Dkt. No.

35, at 6.  Plaintiff filed a response to the Objection on October 8, 2020.  Pl.'s Mem. of Law in Opp'n

to Def.'s Obj. to the R&R, Dkt. No. 37.

## II.     LEGAL STANDARD

### A.      Objecting to a Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and

recommendation within fourteen days of receiving a copy of the report.  *Id.*; *see also* Fed. R. Civ. P.

72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court

reviews, *de novo* "those portions of the report or specified proposed findings or recommendations to

which objection is made."  *Id.*  But where "the party makes only frivolous, conclusory or general

objections, or simply reiterates her original arguments, the Court reviews the report and

recommendation only for clear error."  *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416

(S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)).

"Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate

judge's proposal.'"  *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v.

KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).  The Court also reviews for

clear error those parts of the report and recommendation to which no party has timely objected.  28

U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

### B.      Attorneys' Fees under the FDCPA

The FDCPA mandates the award of "the costs of the action, together with a reasonable

attorney's fee as determined by the court" to a prevailing plaintiff, independent of whether or not

she is not entitled to an award of actual or statutory damages.  15 U.S.C. 1692k(a)(3); *see also, e.g.,* *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013); *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).

District courts have "considerable discretion" in determining what constitutes a reasonable award of attorneys' fees.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).  The touchstone inquiry is "what a reasonable, paying client would be willing to pay."  *Id.* at 184; *see id.* at 191 ("By asking what a reasonable, paying client would do, a district court best approximates the workings of today's market for legal services.").  The court should "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively" and "should also consider that [a client] might be able to negotiate with his or her attorneys."  *Id.* at 190.

"With respect to hours, '[i]f a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours or, where the application for fees is voluminous, order an across-the-board percentage reduction in compensable hours."  *Stair v. Calhoun*, 722 F. Supp. 2d 258, 270 (E.D.N.Y. 2010) (quoting *Spalluto v. Trump Int'l Hotel & Tower*, No. 04 Civ. 7497 (RJS)(HBP), 2008 WL 4525372, at *6 (S.D.N.Y. Oct. 2, 2008) (Sullivan, J.)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (finding that courts may deduct "excessive, redundant, or otherwise unnecessary[]" hours from a prevailing party's fee award).  "In so doing, the court 'may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'"  *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 656 (S.D.N.Y. 2019) (quoting *DiFilippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985)).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Id.* at 655 (quoting *Hensley*, 461 U.S. at 434).

## III.    DISCUSSION

Defendant does not dispute that Plaintiff is entitled to an award of attorneys' fees, the reasonableness of Plaintiff's hourly billing rate, or the court costs requested.  The Court has reviewed those sections of the R&R for clear error and finds none.  Defendant objects only to the R&R's evaluation of the hours Plaintiff's counsel claimed; they argue that "the R&R failed to address the specific facts" in this case that warrant cutting the hours awarded by at least 50% rather than 20%.  Obj. at 3.  Defendant's Objection was timely filed and "clearly aimed at particular findings in" Judge Aaron's R&R.  *Guerrero v. Comm'r of Soc. Sec.*, No. 16-CV-3290 (RJS)(AJP), 2017 WL 4084051, at *4 (S.D.N.Y. Sept. 13, 2017) (Sullivan, J.).  Accordingly, the Court reviews the portions of the R&R objected to *de novo*.[2]

In support of its motion, Plaintiff submitted contemporaneous time records that provided dates, descriptions, rates charged, and hours spent for each service performed in the course of this litigation.  *See* Kidd Decl., Ex. 1.  Though district courts may "make across-the-board percentage cuts in hours," *Williams*, 368 F. Supp. 3d at 656, the Court in its discretion conducts an item-by-item review of Plaintiff's time records.  Plaintiff's submission is not voluminous; it consists of only six pages of billing entries.  Kidd Decl., Ex. 1.  A meticulous item-by-item approach is not overly burdensome in this case and allows the Court to perform a more precise and exacting review of Plaintiff's hours.

Reviewing each item in Plaintiff's records, the Court finds that some pruning is in order.  First, the hours billed for certain tasks were unreasonable or excessive given counsel's experience in this area.  *See Leyse v. Corp. Collection Servs., Inc.*, 545 F. Supp. 2d 334, 336 (S.D.N.Y. 2008), *report and*

---

[2] Even if Defendant's objection were "frivolous, conclusory or general" such that clear error review is warranted, as argued by Plaintiff, the Court retains the discretion to review the relevant portions of the R&R *de novo*.  "With respect to improper objections, district courts always retain the power to engage in *sua sponte* review of any portion of the magistrate's report and recommendation . . . and such *sua sponte* review may be under a *de novo* standard, or any lesser standard of review."  *Guerrero*, 2017 WL 4084051, at *4 (brackets and internal quotation marks omitted) (quoting *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 514 (S.D.N.Y. 1997), *aff'd*, 136 F.3d 313 (2d Cir. 1998)).

*recommendation adopted*, 557 F. Supp. 2d 442 (S.D.N.Y. 2008).  Accordingly, the Court reduces the

hours billed for twelve such items on Plaintiff's invoice.[3]  Additionally the Court does not award fees

for the four entries labeled "File review" because they are too vague to allow for meaningful review

of the time expended.[4]  *See Indep. Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 499

(S.D.N.Y. 2019) (reducing fees awarded for "vague entries" because "some specificity is required in

time entries to enable the court to determine whether a reasonable amount of time was spent on

each activity" and collecting cases).  Finally, the Court reduces the fees awarded for two

administrative tasks that should have been billed at a non-attorney rate.[5]  *See Tucker v. City of New

York*, 704 F. Supp. 2d 347, 356 (S.D.N.Y. 2010).

   The Court finds that for the most part, the hours billed by Plaintiff's counsel were

reasonable, clearly explained, and billed at an appropriate rate.  For example, it was reasonable for

Plaintiff's counsel to spend about three hours preparing the complaint.  That amount of time is not

excessive to craft a complaint in a federal action.  The Court disagrees with Defendant's premise

that it would be somehow beneficial to encourage plaintiffs' counsel to churn out copycat

complaints in even less time, allowing little time for thought or consideration regarding the merits of

their claims.  And the entries describing client correspondence are not unduly vague.  Kidd Decl.,

---

[3] The Court reduces the hours for the following invoice entries: 10/23/19, Consulted with Client regarding said collection letter, reduced to 0.8 hours; 01/14/20, Conducted legal research on defendant's 7th, 8th and 9th affirmative defenses in answer, reduced to 1.92 hours; 01/24/20, Prepared letter to Court requesting adjournment and extension of time, reduced to 0.3 hours; 03/09/20, Read 9th Circuit's McAdory v. DNF decision, reduced to 0.48 hours; 03/10/20, Telephone to SMO and left a voicemail message re case, reduced to 0 hours; 03/16/20, Consulted with client regarding case, reduced to 0.32 hours; 03/27/20, Reviewed email from SMO regarding [defendant's late Initial Disclosures and extension of time to amend complaint], reduced to 0.1 hours; 03/27/20, Conducted online research regarding defendant's activities as to whether defendant is a debt collector under FDCPA, reduced to 2.48 hours; 04/02/20, Conducted legal research regarding defendant's defenses, reduced to 2.24 hours; 05/04/20, Consulted with client regarding case, reduced to 0.56 hours; 06/18/20, Conducted legal research regarding time limitation in Offer of Judgment, reduced to 1.12 hours; and 06/23/20, Continued legal research regarding [time limitation in Offer of Judgment], reduced to 0.24 hours.  Kidd Decl., Ex. 1.
[4] The Court removes invoice entries from the following dates because counsel vaguely billed these hours as "File review": 11/22/19, 01/31/20, 03/17/20, and 03/24/20.  Kidd Decl., Ex. 1 at 1–3.
[5] The Court reduces the rates charged for the following invoice entries:  12/04/19, Prepared summons and civil cover sheet; and 12/16/19, Prepared cover letter to Erie County Sheriff for process service.  Kidd Decl., Ex. 1 at 1.

Ex. 1 at 1, 2–6.  The Court does not expect a detailed description of the content of each privileged communication in order to support an award of fees of this magnitude.

Accounting for the reductions discussed above, the Court awards Plaintiff $14,619.00 in attorneys' fees and $471.00 in costs for a total award of $15,090.00.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for reasonable attorneys' fees and costs is GRANTED IN PART and DENIED IN PART.  The Court awards Plaintiff's counsel $14,619.00 in fees and $471.00 in costs for a total of $15,090.00.

SO ORDERED.

Dated:  November 25, 2020

_____
GREGORY H. WOODS
United States District Judge